NOT DESIGNATED FOR PUBLICATION

No. 111,794

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NATHANIEL HILL,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*


MEMORANDUM OPINION

Appeal from Montgomery District Court; GARY R. HOUSE, judge. Opinion filed October 30, 2015. Affirmed.

*Timothy J. Grillot*, of Parsons, for appellant.

*Lee J. Davidson*, assistant attorney general, for appellee.


Before MALONE, C.J., MCANANY and ATCHESON, JJ.


*Per Curiam*:  Nathaniel Hill appeals the denial of his habeas corpus motion challenging the constitutional sufficiency of his convictions in Montgomery County District Court for capital murder and several drug offenses. The lawyer assigned to represent Hill in the district court on his motion brought under K.S.A. 60-1507 appeared to do virtually nothing to assist his client. The district court dismissed the motion as untimely. Given the record on appeal, we cannot determine if Hill had any meritorious claims or some other basis for avoiding the time bar, so we affirm. To the extent Hill may be entitled to relief from his convictions, he must seek that relief through another 60-1507 motion demonstrating the constitutional inadequacy of his representation on this

1

motion and prejudice resulting from the failure to present legal grounds undermining the convictions.

In 2005, a jury convicted Hill of capital murder and the drug charges. The criminal prosecution was much delayed both before and after trial because of concerns about Hill's mental competency. He ultimately received a controlling sentence of life in prison without parole. The factual circumstances of the crimes and the extended procedural history of the criminal case have no direct bearing on the issues before us. They are recounted in the Kansas Supreme Court's decision affirming the convictions on direct appeal. *State v. Hill*, 290 Kan. 339, 228 P.3d 1027 (2010).

Hill timely filed this habeas corpus motion in April 2011. At the same time, Hill filed motions for a 60-to-90 day continuance to supplement the habeas corpus papers with specific grounds for relief and for appointment of a lawyer to represent him. Without the additional information, Hill's motion would have been legally insufficient. See *Trotter v. State*, 288 Kan. 112, 135, 200 P.3d 1236 (2009). In August, the district court granted Hill 90 days to expand on the allegations in his habeas corpus motion and appointed Rustin Rankin to represent him. The record indicates Rankin filed nothing with the district court on Hill's behalf. On November 15, Hill personally filed a request for another 60-day continuance to supplement his original 60-1507 motion. The district court apparently never ruled on that request. On December 20, Hill took it upon himself to file a memorandum outlining the specific defects he asserted in his criminal prosecution, thus completing his habeas corpus motion. The memorandum, however, was filed after the 90-day continuance the district court did grant and after the 1-year statutory deadline for filing 60-1507 motions. See K.S.A. 60-1507(f).

In April 2013, the district court held a hearing after the State moved to dismiss Hill's 60-1507 motion as untimely. Rankin appeared with Hill at the hearing. The district court offered Hill the opportunity to present evidence. Rankin declined to do so and

2

stated he and his client would rely on the motion and memorandum Hill himself had prepared. The district court took the issues under advisement. In August, the district court issued a written ruling denying Hill's 60-1507 motion as untimely. Hill has appealed that determination.

For all the record shows, Rankin did virtually nothing to advance Hill's interests or to advocate on his behalf. Earlier this year, the Kansas Supreme Court disbarred Rankin for misappropriating a substantial amount of money belonging to another of his clients. See *In re Rankin*, 302 Kan. ___, 351 P.3d 1274 (2015).

The lawyer representing Hill in this appeal makes no argument that the 60-1507 motion was timely filed. Nor does he argue that the 1-year deadline in K.S.A. 60-1507(f) ought to be excused to prevent a manifest injustice. See K.S.A. 60-1507(f)(2) (1-year time limit on 60-1507 filings may be extended "to prevent a manifest injustice"). Rather, the appeal simply asserts that Rankin failed to adequately represent Hill and, therefore, the time bar presumably should not apply. Hill isn't specific about the relief he seeks on appeal, but we infer he wants a remand to the district court for appointment of a new lawyer and a full airing of the grounds supporting his habeas corpus motion.

In short, Hill's appeal hinges on the ineffectiveness of Rankin in handling the 60-1507 motion in the district court. But we haven't an appellate record from which to determine why Rankin did what he did or more aptly, perhaps, why he seemingly didn't do much of anything. We might surmise that Rankin fumbled Hill's representation. That's the way it looks on the surface. But the conclusion would be more of a guess than a reasoned determination without hearing from Rankin or Hill. For that very reason, appellate courts typically do not take up ineffectiveness claims without a fully developed evidentiary record in the district court. See *Rowland v. State*, 289 Kan. 1076, 1084, 219 P.3d 1212 (2009). We don't have such a record here, and Hill has not asked for a remand

to the district court for a *Van Cleave* hearing to marshal evidence directly bearing on the inadequacy of Rankin's representation. See 289 Kan. at 1084-85.

Accordingly, we are constrained to affirm both the district court's finding that Hill's 60-1507 motion was untimely and the district court's denial of the motion. Hill may bring another 60-1507 motion premised on the twin arguments that inadequate legal representation in this proceeding deprived him of a fair hearing on the underlying constitutional challenges to his convictions and that he has challenges warranting judicial consideration. See *Vontress v. State*, 299 Kan. 607, 616-17, 325 P.3d 1114 (2014); *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

Affirmed.