No. 98,351

JERRY L. ROWLAND, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(219 P.3d 1212)

Opinion filed November 20, 2009.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, argued the cause and was on the brief for appellant.

*Julie A. Koon*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Paul J. Morrison*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

BEIER, J.: This case arises out of a denial of movant Jerry L. Rowland's K.S.A. 60-1507 motion after appointment of counsel

and a preliminary hearing. Rowland attempts to pursue a claim that the evidence against him was insufficient, as well as alleging ineffective assistance of trial and appellate counsel. The peculiar procedural path of Rowland's claims compels us to reexamine the procedure to be followed when a criminal defendant alleges ineffective assistance of counsel during direct appeal or on K.S.A. 60-1507 motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Rowland with one count of aggravated burglary, one count of rape, and one count of aggravated criminal sodomy. At trial, the victim, R.C., testified that she woke up to discover Rowland standing in the doorway of her bedroom. Although she struggled with Rowland, he overpowered her and penetrated her anally and vaginally.

As Rowland left, R.C. further testified, she followed him, locking the exterior door to her apartment behind him. She then saw Rowland reach through a window and unlock the door, and she immediately took refuge in a bathroom. She called police from her cell phone. While on the phone, R.C. could hear Rowland walking around her apartment. Rowland also banged on the bathroom door once but did not try to enter the room, even though the bathroom door had no lock.

During defense counsel's cross-examination of R.C., he established that (1) Rowland had been a friend of R.C.'s boyfriend; (2) R.C. did not like Rowland; (3) R.C. did not scream for help; (4) R.C.'s cell phone had been next to her bed during the attack; and (5) R.C. called her boyfriend and her mother from the bathroom before she called the police.

Kathy Gill-Hopple, an advanced registered nurse practitioner who examined R.C. on the morning of the crimes, testified at trial that R.C. had told her during the exam:

"[S]he was at home asleep in her bed about 7:00 in the morning, and she woke up and her neighbor, [Rowland], was on top of her, ripping her underwear . . . . She tried to push him off of her, and he pushed her back down, and then she said he was inside of her. . . .

. . . .

". . . She was pushing him, and finally he left. At that point she got up and locked the door, went into the bathroom, called her mother and her boyfriend, and while she was in the bathroom, he came back through the kitchen window. She locked the bathroom door, and he was banging on the door and asked who [she] was calling. Then she said he got his stuff and left."

The jury convicted Rowland of aggravated burglary and of attempted rape as a lesser included offense of rape. It deadlocked on the aggravated criminal sodomy charge.

On direct appeal to our Court of Appeals, Rowland argued that the trial judge erred by failing to instruct the jury on voluntary intoxication. He also argued that he was denied his right to counsel, to due process, and to a fair trial because:

"Defense counsel confessed guilt in opening statement, and then placed [Rowland] on the stand and elicited a confession to the crime from him. In closing, counsel argued to the jury that [Rowland] should be found guilty of lesser included offenses of the charged offenses, even though [Rowland] had asserted his innocence. Finally, counsel also failed to request an instruction on voluntary intoxication that would have informed the jury that [Rowland] had a defense to the charges."

The Court of Appeals panel ruled that the omission of a jury instruction on voluntary intoxication was not clearly erroneous, because the record did not demonstrate that Rowland was unable to form the requisite intent to commit rape because alcohol or drugs impaired his mental faculties. *State v. Rowland*, No. 90,128, unpublished opinion filed July 23, 2004.

The panel also rejected Rowland's argument that his trial counsel was ineffective. After reciting the two-pronged standard for such claims—objectively unreasonable performance by counsel and prejudice arising from that performance—the panel's entire discussion of the merits of the claim was contained in one brief paragraph. It read:

"The record provides no evidence the defendant's representation at trial constituted a breakdown of the adversarial system of justice. Every allegation concerning trial counsel's admissions of the defendant's guilt is unsubstantiated by the record on appeal." *Rowland*, slip op. at 2.

The defense had not requested a remand to the district court for a hearing on the ineffective assistance of counsel claim under

*State v. Van Cleave*, 239 Kan. 117, 120, 716 P.2d 580 (1986), and the panel had not required one. Rather, the panel characterized Rowland's claim as one of the few ineffective assistance claims that could be decided on direct appeal on the record as it stood at that time. *Rowland*, slip op. at 1-2 (citing *State v. Carter*, 270 Kan. 426, 433, 14 P.3d 1138 [2000]).

Rowland later filed the pro se K.S.A. 60-1507 motion that is the subject of this appeal. He argued that there was insufficient evidence to convict him of aggravated burglary and attempted rape. To support this claim, Rowland asserted that R.C.'s testimony at trial contradicted information she had provided to the police.

"[R.C.] initiated communication with law enforcement and gave the following statements[:] '[T]hat [Rowland] ripped her underwear off[;] that [Rowland] entered the home a second time through the kitchen window[; and] that she had locked the bedroom door.'

"When testifying under oath, [R.C.'s] testimony differ[ed] from the testimony she gave initially to officers, under oath she testified[: (1)] 'that [Rowland] pulled her panties to the side, that they weren't off[;] (2) that there wasn't a lock on the bathroom door[;] and (3) that she saw [Rowland] reaching in the window from the kitchen.' "

Rowland's sufficiency challenge also relied upon what he asserted was an absence of evidence of his specific intent and, otherwise, to prove he raped R.C.

In addition, Rowland's pro se motion argued that his trial "counsel's representation fell below an objective standard of reasonableness." He contended that his counsel's failure to challenge inconsistencies in R.C.'s testimony affected the outcome of the trial.

The district judge rejected Rowland's motion after appointing counsel and conducting a preliminary hearing to entertain legal arguments. The judge adopted the State's response as his ruling and instructed the prosecutor to prepare a journal entry. Thus, to the extent the motion advanced insufficiency of evidence, the judge rejected the claim as improper under K.S.A. 60-1507. The judge also rejected the claim that trial counsel had been ineffective by failing to challenge R.C.'s testimony, pursue the issue of Rowland's intent, and investigate unspecified matters, because an ineffectiveness claim had been dealt with on direct appeal. The judge also

ruled that the ineffectiveness claim lacked merit because Rowland had been convicted of a lesser included offense, the jury had deadlocked on the aggravated criminal sodomy charge, and trial counsel had cross-examined R.C.; and there was sufficient evidence to corroborate her testimony.

In his brief to the Court of Appeals, Rowland contended that the evidence at trial was insufficient because R.C.'s story was inconsistent, and her credibility should have been determined by the court in some manner pretrial. Rowland asserted that his testimony, in contrast to R.C.'s, was consistent, and he argued specifically that this meant the State had failed to prove his intent to rape R.C. Rowland also asserted that exceptional circumstances allowed him to raise his sufficiency argument on his K.S.A. 60-1507 motion, because he had received ineffective assistance of counsel on his direct appeal, citing *Maggard v. State*, 27 Kan. App. 2d. 1060, 1064-65, 11 P.3d 89, *rev. denied* 270 Kan. 899 (2000). Rowland further challenged the quality of the assistance he had received from trial counsel, arguing that counsel's failures to "seek out the credibility" of R.C., request that she undergo a psychiatric evaluation, and present adequate evidence of her character or emotional state entitled him to a reversal and a new trial. Rowland differentiated the motion's arguments supporting his trial ineffectiveness claim from those that had been raised on his direct appeal, asserting that the direct appeal had dealt with counsel's guilt-based defense rather than a failure to investigate and failure to "pursue" the element of intent. Rowland also urged the Court of Appeals to reject the district judge's adoption of the State's response as the legal ruling and sought remand for an evidentiary hearing on his K.S.A. 60-1507 motion.

In its brief to the Court of Appeals, the State argued that Rowland's claim on ineffectiveness of trial counsel had already been heard and decided against Rowland on direct appeal, a decision with res judicata effect. It also argued that the ineffectiveness claim failed on its merits because the record demonstrated that defense counsel's cross-examination had exposed inconsistencies in R.C.'s story, that there was no support for an order directing her to undergo a psychiatric evaluation, and that Rowland's conviction on a

lesser crime for the rape charge and the jury's inability to reach a verdict on the aggravated criminal sodomy charge meant defense counsel's performance was constitutionally sound. The State also argued that Rowland's sufficiency claim ordinarily would not be properly before the court on a K.S.A. 60-1507 motion and that he failed to articulate exceptional circumstances to allow the court to reach its merits. The State agreed that the district court had rejected the motion's sufficiency and ineffective assistance claims because of procedural bars.

The Court of Appeals panel affirmed the district court's decision. The panel noted that a K.S.A. 60-1507 motion cannot be used as a substitute for a direct appeal or as a second direct appeal, absent showings that the alleged trial error affected constitutional rights and that exceptional circumstances excuse the requirement that it have been raised earlier, and then determined Rowland had failed to establish exceptional circumstances for his sufficiency claim. *Rowland,* slip op. at 1. On the other side of the K.S.A. 60-1507 coin, the panel determined that Rowland was barred from raising his ineffective assistance of counsel claim, because the Court of Appeals had considered and decided such a claim on his direct appeal:

"Rowland acknowledges this issue was raised and decided in his direct appeal, but claims we should nonetheless address the issue because he is alleging a different factual basis to support the ineffective assistance of counsel claim. [*State v. Neer,* 247 Kan. 137, 140-41, 795 P.2d 362 (1990), rules] otherwise.

"Further, Rowland fails to establish exceptional circumstances warranting further examination of this issue." *Rowland,* slip op. at 4.

The panel did not address Rowland's specific sufficiency argument regarding lack of intent evidence.

Rowland filed a petition for review with this court. He argued first that his ineffective assistance of trial counsel claim in his K.S.A. 60-1507 motion differed significantly from that made in his direct appeal and that it thus could still be the catalyst for post-conviction relief. Second, he argued that the Court of Appeals erred in ruling that his sufficiency claim was barred because he had failed to argue exceptional circumstances for its late appearance. Rather, in his view, he had adequately argued that ineffective assistance by trial

and appellate counsel constituted the necessary exceptional circumstances to enable the court to reach the sufficiency claim.

We granted Rowland's petition for review. The State has since filed a supplemental brief, which invoked *Bellamy v. State*, 285 Kan. 346, 353-54, 172 P.3d 10 (2007), for the applicable standards of review on K.S.A. 60-1507 motions. Under that decision, when a district court judge has appointed counsel and conducted a preliminary hearing, we review any findings of fact under a deferential standard and any conclusions of law under a de novo standard. *Bellamy*, 285 Kan. at 354. In order to obtain K.S.A. 60-1507 relief, as a matter of law, a movant must demonstrate that

"the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." K.S.A. 60-1507(b).

We address the issues in the order they are raised in Rowland's petition for review.

### INEFFECTIVE ASSISTANCE OF COUNSEL

The standard for demonstrating ineffective assistance of counsel is often recited. Rowland must

"establish the two essential elements of ineffective assistance of counsel enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052, *reh. denied* 467 U.S. 1267 (1984); [citation omitted]. Those elements, as recognized by this court, are: (1) counsel's representation fell below an objective standard of reasonableness, considering all the circumstances and (2) but for counsel's deficient performance there is a reasonable probability that the outcome of the proceeding would have been more favorable to the defendant. [Citation omitted.] In considering the first element, [Rowland's] trial and appellate counsel enjoy a strong presumption that their conduct falls within the wide range of reasonable professional conduct. Thus, we are highly deferential in scrutinizing their conduct and make every effort to eliminate the distorting effects of hindsight." *Moncla v. State*, 285 Kan. 826, 831-32, 176 P.3d 954 (2008).

Moreover, Rowland

"must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690-91. Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, and strategic choices made after

less than a complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. *Strickland*, 466 U.S. at 690-91. [Rowland] bears the burden of demonstrating that trial counsel's alleged deficiencies were not the result of strategy. *Ferguson v. State*, 276 Kan. 428, 446, 78. P.3d 40 (2003)." *State v. Gleason*, 277 Kan. 624, 644, 88 P.3d 218 (2004).

The second element requires a showing of prejudice. *Moncla*, 285 Kan. 832.

Ordinarily an ineffective assistance of trial counsel claim is not suitable for resolution on direct appeal. See *State v. Carter*, 270 Kan. 426, 433, 14 P.3d 1138 (2000). There are several sound reasons for this rule. If trial counsel continues to represent a defendant on appeal, an ineffective assistance of counsel claim usually gives rise to an irreconcilable conflict of interest. If trial counsel does not continue to represent the defendant on appeal and yet is not inclined to fall on his or her sword, no chance to develop facts and present evidence in support of or in derogation of the quality of the trial representation will have been afforded to counsel or to the defendant. In addition, the district court judge who presided over the proceedings below, who usually is in the best position to judge the merits of many such claims, will not have had a chance to consider and rule upon the issue.

Because such claims nevertheless become apparent during the pendency of some direct appeals, we have developed a procedure for remand to the district court to consider a claim that trial counsel was ineffective before the appeal is finally decided. This procedure, referred to as a *Van Cleave* hearing, see 239 Kan. at 120-21, may begin with a party's motion for such a remand or with the court's *sua sponte* order, so that facts relevant to determination of the legal issue may be developed and an evidentiary record established.

The problem in this case is that no *Van Cleave* hearing took place before Rowland's ineffective assistance of counsel claim was finally decided on direct appeal. Although there are circumstances when no evidentiary record need be established, when the merit or lack of merit of an ineffectiveness claim about trial counsel is obvious without that step being taken, see *Laymon v. State*, 280 Kan. 430, 444, 122 P.3d 326 (2005); *Carter*, 270 Kan. at 433-34,

440-41 (counsel's adoption of a guilt-based defense in conflict with defendant's wishes deprived defendant of effective assistance, prejudicial per se), such circumstances are extremely rare. If an appellate court foregoes the *Van Cleave* procedure, it risks what has occurred here: The defendant, with or without legal assistance, later moves under K.S.A. 60-1507 to challenge ineffective assistance of counsel, either to complete the litigation of an earlier argument or to raise a new one or both. Without a thorough procedure in the first instance, such claims cannot be cavalierly rejected.

As recited above, Rowland's ineffective assistance claim on direct appeal included an attack on what he characterized as his counsel's unauthorized admission of Rowland's guilt, a claim the Court of Appeals characterized as "unsubstantiated by the record on appeal." *Rowland*, slip op. at 2. It was appropriate for the Court of Appeals to dispose of this claim. See *Carter*, 270 Kan. at 433.

But Rowland also questioned his counsel's failure to seek a voluntary intoxication instruction. Although, on the record then existing, the Court of Appeals ruled that the absence of such an instruction *without a defense request* was not clear error on the part of the district judge, this ruling was not the analytical equivalent of (1) a ruling that Rowland's counsel had performed an adequate pretrial investigation; (2) a ruling that he had presented adequate evidence at trial, perhaps evidence that could have supported such a voluntary intoxication instruction; or (3) a ruling that a failure in either regard did not prejudice Rowland's case.

On this portion of Rowland's direct appeal ineffective assistance claim, the Court of Appeals should have remanded on its own motion for a *Van Cleave* hearing or declined to decide the merits, until it had been brought first to the district court on a K.S.A. 60-1507 motion. Either procedure could have insured that this and any other questions regarding trial counsel's performance were fully explored and disposed of by the district court first, where any necessary evidentiary hearing could be held and trial counsel and Rowland permitted to testify. If such a procedure had been followed here, then Rowland would have been barred from raising

any later argument to support a second ineffective assistance of counsel claim.

The Court of Appeals' direct appeal decision on Rowland's ineffective assistance of counsel claim based on the argument that counsel should have sought a voluntary intoxication instruction was premature. The panel appears to have assumed that trial counsel's choice about the need for the instruction was strategic and thus functionally unassailable. See *Gleason*, 277 Kan. at 244. But strategy cannot be automatically assumed. Although counsel's performance cannot be viewed through the corrective lens of 20/20 hindsight, and a defendant claiming ineffective assistance must bear the burden of proof, counsel's decision does not necessarily merit a "strategic" label merely because it fell within the broad category of decisions not specifically reserved to his or her client. See *State v. Gonzales*, 289 Kan. 351, 358, 212 P.3d 215 (2009) (only criminal defendant can make choice of plea, waiver of jury trial, whether to testify). To be strategic, a choice must have been made by counsel after "thorough investigation of law and facts relevant to plausible options." *Gleason*, 277 Kan. at 244.

It is apparent that the record before the Court of Appeals on direct appeal did not contain the information necessary for the panel to determine whether Rowland's counsel made an informed choice or an ignorant mistake on the voluntary intoxication instruction. Until such a record was available, no judge or panel should have decided the merits of the ineffective assistance of counsel issue as a whole and as a matter of law. Thus the panel's decision does not pose a procedural obstacle to the defendant's later arguments in support of such a claim, even though the arguments may differ. *Cf. Rice v. State*, 37 Kan. App. 2d 456, 464-65, 154 P.3d 537, *rev. denied* 284 Kan. 946 (2007) (defendant who received *Van Cleave* hearing during direct appeal on claim of ineffective assistance barred from relitigating any arguments on ineffective assistance in later K.S.A. 60-1507 motion).

Because Rowland's ineffective assistance of counsel claim did not receive the complete review it was due during his direct appeal, he may advance further arguments in support of the claim on his K.S.A. 60-1507 motion. We therefore must reverse the Court of

Appeals and the district court and remand this case for further proceedings consistent with this opinion in the district court.

## SUFFICIENCY OF THE EVIDENCE

As both parties acknowledge, a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court. See Supreme Court Rule 183(c)(3) (2008 Kan. Ct. R. Annot. 247); *State v. Swisher*, 281 Kan. 447, 450, 132 P.3d 1274 (2006). Exceptional circumstances have been defined as "unusual events or intervening changes in the law." See *Woodberry v. State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004). Ineffective assistance of counsel can qualify as an exceptional circumstance. See *Robertson v. State*, 288 Kan. 217, 221, 201 P.3d 691 (2009).

In this appeal, Rowland intermittently advances ineffective assistance of trial and appellate counsel as the exceptional circumstances allowing him to raise sufficiency of the evidence—including what can only be seen as a subissue on evidence of intent to rape R.C.—on this K.S.A. 60-1507 motion. He is correct that the Court of Appeals did not address the effect of this ineffective assistance argument on the usual procedural bar to a sufficiency claim. This was an erroneous omission in its reasoning.

Nonetheless, we are compelled to uphold the Court of Appeals panel's decision on this issue as right for the wrong reasons. See *State v. Murray*, 285 Kan. 503, 533, 174 P.3d 407 (2008). The problem for Rowland on his sufficiency claim is not procedural; it is substantive.

Even if we were to assume that an error by trial counsel or appellate counsel was sufficient to amount to an exceptional circumstance, Rowland's sufficiency claim is plainly without merit. In fact, it is mislabeled. Stripped of bombast, Rowland does not actually argue that there was *no* evidence of the necessary intent for attempted rape or any other element. He argues only that the State's evidence was *weaker* than his evidence. The jury's decision on which version of events to credit was its alone. The district judge

was not equipped or empowered before trial, nor is this court long after trial, to weigh the parties' stories and assess their relative credibility. Regardless of any inconsistencies in R.C.'s version of events, the record contains ample evidence of Rowland's guilt. See *State v. Gutierrez*, 285 Kan. 332, 336, 172 P.3d 18 (2007) (after review of all evidence, in light most favorable to prosecution, appellate court must be convinced rational factfinder could have found defendant guilty beyond reasonable doubt). The district court thus need not address sufficiency of the evidence on remand.

Judgment of the Court of Appeals is affirmed in part and reversed in part. Judgment of the district court is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.