NOT DESIGNATED FOR PUBLICATION

No. 114,229

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RASMUS R. EDDY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed August 12, 2016. Affirmed in part, reversed in part, and vacated in part.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and WALKER, S.J.

*Per Curiam*: Rasmus R. Eddy was convicted of rape, promoting obscenity to a minor, five counts of aggravated criminal sodomy, and three counts of aggravated indecent liberties with a child. Our Supreme Court affirmed his convictions on direct appeal. Eddy then filed this K.S.A. 60-1507 motion alleging multiplicitous convictions and ineffective assistance of counsel at both the trial and appellate levels. The district court denied the motion after a preliminary hearing. Eddy now appeals. Because we find that Eddy's counsel on his direct appeal was ineffective for failing to raise the issue of mulitiplicity regarding his convictions for aggravated criminal sodomy, we reverse the

1

district court's decision holding otherwise and vacate his convictions and sentences on counts VII, IX, X, and XI. As to the other issues raised on appeal, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Eddy was charged with rape, promoting obscenity to a minor, seven counts of aggravated criminal sodomy, and three counts of aggravated indecent liberties with a child after his 4-year-old granddaughter, A.E., reported to her mother that Eddy had behaved inappropriately during her overnight stay at Eddy's house. The facts are set out in *State v. Eddy*, 299 Kan. 29, 30-31, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014), and will not be repeated here. A jury found Eddy guilty of rape, promoting obscenity to a minor, five counts of aggravated criminal sodomy, and three counts of aggravated indecent liberties. The district court sentenced Eddy to 155 months in prison for the rape conviction, 155 months for each of the aggravated criminal sodomy convictions, 59 months for each of the aggravated indecent liberties convictions, and 12 months for promoting obscenity. The district court ordered the rape conviction and one conviction of aggravated criminal sodomy to be run consecutively to each other and all other sentences to run concurrently, resulting in a controlling sentence of 310 months. Eddy appealed his conviction directly to the Kansas Supreme Court which affirmed. 299 Kan. at 36.

Eddy then filed the K.S.A. 60-1507 motion that is the subject of this appeal. The district court denied Eddy relief after a preliminary hearing. Eddy now appeals.

ANALYSIS

*The issue of multiplicity can be raised in this K.S.A. 60-1507 action because it relates to Eddy's ineffective assistance of counsel claim.*

We begin our analysis by noting that the issue of multiplicity clearly should have been raised on direct appeal. However, multiplicitous convictions violate a defendant's rights under the Fifth Amendment to the United States Constitution. *State v. Pribble*, 304 Kan. ___, Syl. ¶ 1, ___ P.3d ___, 2016 WL 9313461 (July 15, 2016). When a defendant's constitutional rights have been violated, the error causing the violation may be considered in a K.S.A. 60-1507 proceeding provided exceptional circumstances exist excusing the failure to raise the issue on direct appeal. Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 271). Eddy's appellate counsel's ineffective assistance provides an exceptional circumstance to bypass the traditional rule. See *Rowland v. State*, 289 Kan. 1076, Syl. ¶ 6, 219 P.3d 1212 (2009). Accordingly, we will first examine the issues Eddy raises regarding multiplicity. Only if the issue has merit, can we possibly conclude that his attorneys may have been ineffective for failing to raise it.

*Eddy's convictions for aggravated criminal sodomy were clearly multiplicitous.*

Eddy argues that the district court erred when it concluded that it was unnecessary to reverse any of his convictions for aggravated criminal sodomy because even if some of them were multiplicitous, Eddy was not prejudiced by the error since the sentences for each count were run concurrently. Eddy contends that merely presenting the jury with multiple charges and instructions on the same crime was prejudicial and unfairly biased the jury against him so that he was denied a fair trial. The State agrees that the aggravated criminal sodomy charges were multiplicitous and concedes that the district court erred when it concluded that Eddy was not prejudiced.

The parties are correct that Eddy's convictions were multiplicitous and that the district court erred when it declined to reverse the extraneous convictions. All of the aggravated criminal sodomy charges arose out of a single incident in which the victim slid naked off her bed and across Eddy's face a number of times. The State charged each time A.E. slid down Eddy's face as a separate offense.

To determine whether charges are multiplicitous, a court must "first determine whether the convictions arose from the same conduct. If so, [the court] then determine[s] whether, by statutory definition, that conduct constitutes one offense or two." *State v. Sprung*, 294 Kan. 300, 306, 277 P.3d 1100 (2012). In analyzing whether convictions arose from the same conduct, courts should consider whether: "(1) the acts occurred at or near the same time, (2) the acts occurred at the same location, (3) a causal relationship existed between the acts, in particular whether an intervening event separated the acts, and (4) a fresh impulse motivated some of the conduct." 294 Kan. at 307. Where, under the second part of the test, it is unclear from the statute whether conduct can be charged as only a single or as multiple offenses, the rule of lenity applies requiring the court to construe the statute in favor of the defendant. 294 Kan. at 310-11.

Here the convictions for aggravated criminal sodomy clearly arose from the same conduct. K.S.A. 21-3501(2) defines sodomy as, among other things, oral contact with or penetration of the female genitalia. K.S.A. 21-3506(a)(1) makes it illegal to engage in sodomy with a child under the age of 14. Neither statute directly addresses whether a new crime can be charged each time a perpetrator's mouth comes in contact with a child's vagina during the same course of conduct. Both a common sense interpretation and the rule of lenity require this court to construe the statute as only allowing for one charge per event. As a result, all but one of Eddy's convictions for aggravated criminal sodomy were multiplicitous.

4

When a defendant has been convicted multiple times of a single crime, the sentence is potentially harmful and impermissible. See *State v. Schoonover*, 281 Kan. 453, Syl. ¶ 9, 133 P.3d 48 (2006). It is irrelevant that the multiplicitous convictions did not result in an increased sentence because the sentences were run concurrently—each conviction brings additional "potential adverse collateral consequences" and is unconstitutional. 281 Kan. 453, Syl. ¶ 9.

*Eddy's convictions for indecent liberties with a child were not multiplicitous.*

Eddy also argues briefly that the district court erred when it determined that the three convictions for aggravated indecent liberties with a child were not multiplicitous. These three charges, however, were based on clearly separate incidents. The first charge was based on Eddy's cupping his hand over A.E.'s naked vagina and pretending to kiss it. The second and third charges were based on two incidents that occurred on separate days during which the defendant allowed A.E. to reach into his pants and grab his penis. These were distinct events that involved different acts, in different parts of Eddy's home at different times. The district court was correct when it found that the aggravated indecent liberties charges were not multiplicitous.

*Eddy did not receive ineffective assistance of trial counsel.*

Eddy next argues that the district court erred when it concluded that there was insufficient evidence to show that he had received ineffective assistance of counsel at trial. When this court reviews a district court's denial of a petitioner's claim after a preliminary hearing on a K.S.A. 60-1507 motion, the standard of review is de novo because this court is in as good of a position to consider the merits on appeal as the district court was initially. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish: (1) the performance of his or her counsel was deficient under a totality of the

circumstances, and (2) he or she was prejudiced, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014).

Eddy's specific argument is that his trial counsel was ineffective for not arguing that the aggravated criminal sodomy charges were multiplicitous. Although Eddy's attorney did not raise the issue of multiplicity during trial, he did raise the issue prior to sentencing as the district court was considering posttrial motions. Trial counsel argued that if the evidence of A.E. sliding over Eddy's face supported a charge of aggravated criminal sodomy at all, it only supported a single charge.

Eddy's sole contention is that his trial counsel was ineffective for not challenging the multiplicitous convictions. However, trial counsel did, in fact, challenge them, so it cannot be said that his performance in this regard was deficient. Having failed to establish deficient performance, it is unnecessary to go on to consider prejudice. The district court did not err in concluding that Eddy received effective assistance of counsel at trial.

*Eddy did receive ineffective assistance of counsel on his direct appeal.*

Eddy next argues that the district court erred when it concluded that his counsel on direct appeal was effective. Eddy contends that his appellate attorney was ineffective for not arguing that the aggravated criminal sodomy convictions were multiplicitous or that the convictions for aggravated indecent liberties with a child were multiplicitous. The State concedes that Eddy received ineffective assistance of counsel on appeal and that the district court erred when it found otherwise.

The only dispute between the parties as to the convictions for aggravated criminal sodomy is the appropriate remedy. Eddy argues that merely presenting the additional

6

charges to the jury biased the jury against him so that he was denied a fair trial and asks this court to reverse and remand the case for a new trial. The State, on the other hand, contends that the proper remedy is simply to reverse the multiplicitous convictions and vacate the sentences. The State is correct. Our Supreme Court recently addressed an argument similar to Eddy's and rejected it, noting "we have consistently held that the remedy for multiplicitous convictions in unit of prosecution cases is the reversal of all but one conviction." *State v. Robinson*, 303 Kan. 11, 213, 363 P.3d 875 (2015), *petition for cert. filed* June 23, 2016. In such cases, reversal is accompanied, not by remand for a new trial, but by vacatur of the multiplicitous sentences. 303 Kan. at 213. Once this court reverses Eddy's multiplicitous convictions and vacates the sentences, the harm that resulted from appellate counsel's failure to raise the issue of multiplicity is eliminated and any remand becomes unnecessary. See *Trotter v. State*, 288 Kan. 112, 131, 200 P.3d 1236 (2009) (finding that direct appeal counsel was ineffective for not raising the issue of multiplicity and reversing the multiplicitous conviction on appeal of Trotter's K.S.A. 60-1507 motion).

Because Counts VII-XI, alleging aggravated criminal sodomy, were multiplicitous, the corresponding convictions on Counts VII, IX, X, and XI (the jury acquitted Eddy of Count VIII) must be reversed and the sentences vacated.

*This court is in as good a position as the district court to review Eddy's claims, so there is no need to remand for additional findings of fact and conclusions of law.*

Eddy next argues that the district court failed to make sufficient findings of fact and conclusions of law as required by Kansas Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271) when it denied his K.S.A. 60-1507 motion. Whether the district court complied with the requirements of Rule 183(j) is a question of law that this court reviews de novo. *Phillips v. State*, 282 Kan. 154, 178, 144 P.3d 48 (2006). In order to preserve a challenge to the sufficiency of a district court's findings and conclusions for appellate

review, the party claiming insufficiency must object below and give the district court the first opportunity to correct any error. In situations where the appellant failed to object below, this court may presume that the district court found all facts necessary to support its judgment. Nevertheless, this court will remand a case that lacks specific findings if the district court's error precludes meaningful appellate review. 282 Kan. at 179.

Eddy specifically directs his arguments at the district court's findings related to his claims of ineffective assistance of counsel at trial and on direct appeal. Since he did not object to the findings of fact and conclusions of law below, remand for additional consideration of these issues is only necessary if it is impossible for this court to review the claims without more from the district court.

Because Eddy's claims for ineffective assistance of counsel came to this court after only a preliminary hearing, this court is in as good of a position to review the claims as the district court. See *Grossman*, 300 Kan. at 1061. As a result, it cannot be said that, if the district court erred, the error precluded appellate review.

Affirmed in part, reversed in part, and vacated in part.