NOT DESIGNATED FOR PUBLICATION

No. 116,449

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAMONE E. COX,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR., judge. Opinion filed April 6, 2018.
Affirmed.

*Debra Snider*, of Snider Law Office, of Leavenworth, for appellant.

*Patrick E. Henderson*, assistant county attorney, and *Derek Schmidt*, attorney general, for
appellee.

Before LEBEN, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: Damone E. Cox appeals the summary dismissal of his pro se K.S.A.
60-1507 motion. The district court found that Cox's motion was untimely and that Cox
failed to establish manifest injustice necessary to overcome the untimely filing. Finding
no error, we affirm.

1

*Factual and Procedural History*

Cox was convicted of felony murder, aggravated robbery, and conspiracy to commit robbery, arising from the 1993 carjacking and shooting death of Marcus Smith. The facts of his case were set forth in his direct appeal to the Kansas Supreme Court and only a few will be repeated here. *State v. Cox*, 258 Kan. 557, 559, 908 P.2d 603 (1995).

On the night of July 29, 1993, five teenagers caravanned to Atchison, Kansas, from Kansas City in three separate vehicles. They stopped 24-year-old Smith and surrounded his car. Michael Hays reached into Cox's car, retrieved a .357 revolver, put the gun to Smith's head, and ordered him to get out of the car. Smith got out and laid down on his stomach. Hays told another member of the group to drive Smith's car, and he did so. Cox also drove away and heard gunshots. Smith was left dead in the middle of the street with two gunshot wounds to his back and one in the back of his head. *Cox*, 258 Kan. 560.

Cox was 17 years old at the time of the events but was tried as an adult. He was sentenced to life imprisonment for felony murder, 102 months for aggravated robbery, and 26 months for conspiracy to commit robbery. Cox appealed his convictions and sentence. The Kansas Supreme Court affirmed the convictions, vacated the sentences in part, and remanded for resentencing in 1995. *Cox*, 258 Kan. at 580.

In February 2016, Cox filed this K.S.A. 60-1507 motion pro se, alleging that the trial court erred in three ways:  (1) by refusing to give a lesser included offense instruction for second-degree murder despite requests from both the State and defense counsel; (2) by instructing the jury that it "will" enter a verdict of guilty, thus directing a verdict for the State by lowering the burden of proof, and nullifying the jury's power; and (3) by giving an aiding and abetting jury instruction on foreseeability to a specific intent

2

crime, thus lowering the State's burden of proof and violating his Fifth, Sixth, and Fourteenth Amendment rights.

The district court summarily dismissed Cox's motion, holding that it was not timely filed. A K.S.A. 60-1507 motion must be filed within one year of either (1) "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction" or (2) "the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting of such petition." K.S.A. 2016 Supp. 60-1507(f)(1). It is undisputed that Cox's K.S.A. 60-1507 motion, filed approximately 20 years after it should have been filed, was not timely filed.

But the time limitation can be extended to prevent manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(2). The district court examined the three factors listed in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014) to determine whether manifest injustice had been shown:

> "This nonexhaustive list includes whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence." 299 Kan. at 616.

Regarding the first factor, the district court found that Cox did not provide any reason for waiting approximately 20 years to file his motion. Regarding the second factor, the district court found that Cox "could have and should have raised" the issues he now complains of in his direct appeal. The district court cited Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 272) which provides that "[m]ere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional

3

circumstances excuse the failure to appeal." Cox did not argue that exceptional circumstances excused his failure to appeal the issues that he asserts affect his constitutional rights. As to the third factor, the district court found that Cox did not set forth a colorable claim of actual innocence. Cox timely appealed.

*Analysis*

On appeal, Cox argues that the district court erred in summarily dismissing his K.S.A. 60-1507 motion. When a district court summarily denies a K.S.A. 60-1507 motion, this court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Our review of the record confirms that Cox failed to establish manifest injustice. In his 60-1507 motion, Cox did not explain why he waited nearly 20 years to file his motion. Because Cox failed to provide persuasive reasons or circumstances that prevented him from filing his 60-1507 motion within the one-year time limitation, he failed to meet the first *Vontress* factor.

Cox focuses his manifest injustice argument on the second *Vontress* factor— whether "the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration." 299 Kan. at 616. Cox contends the issues he raised regarding the trial court's errors in instructing the jury are substantial.

A 2016 amendment to K.S.A. 60-1507 removes this "substantial issue of law or fact" factor from the manifest injustice inquiry. L. 2016, ch. 58, § 2; see K.S.A. 2016 Supp. 60-1507(f)(2)(A) (limiting the manifest injustice inquiry "to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence"). The statutory amendment went

4

into effect on July 1, 2016, shortly after Cox filed his 60-1507 motion, but some panels of our court have found it to be retroactive. See, e.g., *Gholston v. State*, No. 116,114, 2017 WL 4558230, at *5 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* November 13, 2017; *State v. Phoenix*, No. 115,694, 2017 WL 1826048, at *3 (Kan. App. 2017) (unpublished opinion), *rev. granted* October 12, 2017; *Olga v. State*, No. 115,334, 2017 WL 840296, at *3 (Kan. App. 2017) (unpublished opinion), *rev. granted* October 12, 2017; *Perry v. State*, No. 115,073, 2017 WL 462659, at *3 (Kan. App. 2017) (unpublished opinion), *rev. granted* October 12, 2017.

The district court did not address the retroactivity of the 2016 statutory amendment and we need not address it either because even if we were to resolve that issue in Cox's favor, we agree with the district court that Cox's claims should have been raised on direct appeal. A 60-1507 motion generally cannot be used as a substitute for direct appeal, as Supreme Court Rule 183(c)(3) provides:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." (2015 Kan. Ct. R. Annot. 272).

The issues Cox raises in his K.S.A. 60-1507 motion all relate to jury instructions and are "mere trial errors" which must be corrected by direct appeal. See *Hollingsworth v. State*, No. 106,357, 2012 WL 718971, at *4 (Kan. App. 2012) (unpublished opinion) (finding lesser included offense jury instructions involve mere trial errors which may not properly be raised during a collateral attack; they must be argued on direct appeal). The general rule thus bars Cox from raising claims of mere trial error in this collateral appeal.

To bring this collateral appeal, Cox must fall within the exception—he must show that the errors affect his constitutional rights and that exceptional circumstances excuse

his failure to appeal. "Exceptional circumstances have been defined as 'unusual events or intervening changes in the law.'" *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) (citing *Woodberry v. State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727 [2004]). Ineffective assistance of counsel can also constitute an exceptional circumstance. *Rowland*, 289 Kan. at 1087. But nowhere in Cox's K.S.A. 60-1507 motion did he argue that exceptional circumstances prevented him from raising his constitutional issues on direct appeal.

For the first time on appeal, Cox contends that he did not raise these issues on direct appeal due to ineffective assistance of appellate counsel. Generally, issues not raised to the district court are not preserved for appeal. *State v. Cheffen*, 297 Kan. 689, 696, 303 P.3d 1261 (2013). Under Kansas Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34) an appellant must explain why an issue is properly before this court if it was not raised below. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Kansas Supreme Court warned litigants that they must comply with this rule "or risk a ruling that an issue improperly briefed will be deemed waived or abandoned." Cox does not explain why he is raising the issue of ineffective assistance of counsel for the first time on appeal, so we deem that argument abandoned. Cox has thus not shown that exceptional circumstances prevented him from raising his constitutional issues on direct appeal.

Lastly, we examine whether Cox made "a colorable claim of actual innocence." K.S.A. 2016 Supp. 60-1507(f)(2)(A). In his 60-1507 motion, Cox did not claim actual innocence but he tries to do so now for the first time on appeal, asserting that "the evidence against him did not establish any collusion, agreement to commit a crime nor active involvement or overt act(s) in aiding and abetting the crime in question." He argues that the evidence showed that when Cox saw Hays take the gun from the vehicle Cox was in, Cox immediately left the scene. Here, as above, Cox fails to explain why this

6

court should consider an argument raised for the first time on appeal, in violation of the warning given in *Williams*. 298 Kan. at 1085. Thus, we will not consider it.

Affirmed.