NOT DESIGNATED FOR PUBLICATION

No. 120,218

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JIMMY L. WILSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed March 6, 2020. Affirmed.

*Angela M. Davidson*, of Wyatt & Sullivan, LLC, of Salina, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., PIERRON and ATCHESON, JJ.


PER CURIAM: Jimmy L. Wilson appeals the Sedgwick County District Court's summary denial of his habeas corpus motion brought under K.S.A. 60-1507 challenging his conviction and sentence for robbery. In his motion, Wilson asserted only claims he could have litigated in the unsuccessful direct appeal of his conviction. He, therefore, has failed to show exceptional circumstances supporting habeas corpus relief. The district court arrived at the correct result in denying the motion, and we affirm that conclusion.

1

In 2013, the Sedgwick County District Attorney's Office charged Wilson with aggravated robbery. The district court appointed Bradley P. Sylvester to represent Wilson. Sylvester worked out an agreement with the prosecutor calling for Wilson to plead guilty to robbery, a less serious felony, with a recommendation to the district court to impose the high presumptive guidelines sentence and to place him on probation. Wilson had another open criminal case that was resolved as part of the deal. The disposition of that case is not before us in this appeal. Wilson entered a plea to the robbery charge.

At the sentencing hearing, the district court declined to follow the plea agreement—a possibility that had been explained to Wilson. The district court imposed a prison term of 90 months followed by postrelease supervision for 24 months—a substantial downward durational departure from the guidelines given Wilson's significant criminal history—but declined to grant Wilson probation.

Wilson then personally drafted and filed a motion to correct an illegal sentence ostensibly because his criminal history had been inaccurately reported. The district court appointed G. Craig Robinson to represent Wilson. Robinson filed a motion on Wilson's behalf to withdraw the plea to the robbery charge on the grounds Sylvester provided inadequate representation in a number of ways. The district court held an evidentiary hearing on the motion to withdraw the plea at which both Wilson and Sylvester testified. The district court denied the motion. Wilson appealed that ruling and, thus, his direct criminal case to this court. We affirmed the district court and found, among other things, that Sylvester's representation of Wilson did not warrant withdrawal of the plea. *State v. Wilson*, No. 112,895, 2016 WL 3570509, at *7 (Kan. App. 2016) (unpublished opinion).

Wilson later filed this motion under K.S.A. 60-1507 challenging his conviction and sentence. The grounds Wilson identified in his 60-1507 motion all relate to purported deficiencies in Sylvester's representation of him during the criminal case. The district

court denied the 60-1507 motion without appointing a lawyer to represent Wilson or holding a hearing. Wilson has now appealed the denial of his 60-1507 motion.

A district court has three procedural options in considering a 60-1507 motion. The district court may summarily deny the motion, as happened here, if the claims in the motion and the record in the underlying criminal case conclusively show the movant is entitled to no relief. Or the district court may conduct a preliminary hearing with lawyers for the State and the movant to determine if a full evidentiary hearing is warranted. Finally, the district court may hold a full evidentiary hearing. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Absent an evidentiary hearing, the district court must credit the factual allegations in the 60-1507 motion unless they are categorically rebutted in the record of the criminal case. When the district court summarily denies the motion, we exercise unlimited review of the ruling on appeal. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). In that circumstance, the district court has received no new evidence, and we can review the motion and the underlying record equally well.

In considering this appeal, we rely on two basic principles underlying habeas corpus as a remedy reserved to correct wrongs of constitutional magnitude that have otherwise gone unredressed in the normal disposition of a criminal case.

First, habeas corpus proceedings under K.S.A. 60-1507 require a showing of exceptional circumstances that have jeopardized a full and fair adjudication of a defendant's guilt and, thus, call into question the reliability of a conviction in the underlying criminal case. Typically, constitutionally ineffective assistance of trial or appellate counsel amounts to an exceptional circumstance supporting a 60-1507 motion. *Trotter v. State*, 288 Kan. 112, 127-28, 200 P.3d 1236 (2009); *Bledsoe v. State*, 283 Kan. 81, 88-89, 150 P.3d 868 (2007). That's because ineffectiveness claims usually are not developed and litigated in the direct criminal case itself. So they must be raised in a later 60-1507 proceeding. See *Rowland v. State*, 289 Kan. 1076, 1083-84, 219 P.3d 1212

3

(2009) (Claims based on counsel's ineffectiveness and, thus, his or her trial strategies are seldom amenable to review on direct appeal because there has been "no chance to develop facts and present evidence in support of or in derogation of the quality of the trial representation."); *Brown v. State*, No. 119,063, 2018 WL 6715411, at *8 & n.1 (Kan. App. 2018) (unpublished opinion) (Atcheson, J., concurring), *rev. denied* 309 Kan. 1347 (2019). Those claims necessarily implicate a defendant's right to adequate legal representation guaranteed in the Sixth Amendment to the United States Constitution. Here, however, Wilson sought and received the opportunity for a full evidentiary hearing on the adequacy of Sylvester's representation when the district court decided his motion to withdraw his plea. And in Wilson's direct appeal, this court reviewed the district court's determination that Sylvester adequately represented Wilson.

A second settled principle governing 60-1507 motions recognizes they cannot be used as a device to secure what amounts to a second appeal of the conviction and judgment in the underlying criminal case. So persons filing 60-1507 motions cannot pursue issues they did raise or could have raised in their direct criminal appeals.

Taken together those principles doom Wilson's 60-1507 motion, since it is based solely on Sylvester's purportedly ineffective legal assistance culminating in the plea and sentencing in the underlying criminal case. Wilson thoroughly litigated that issue in the criminal case with the help of a new lawyer in the district court and then on appeal with yet two more lawyers. The claims Wilson raised in his 60-1507 motion are ones that were or could have been litigated in the hearing on his motion to withdraw his plea and the following appeal. Wilson now simply attempts to augment that hearing and his direct appeal without demonstrating some exceptional circumstance calling into question the legal sufficiency of those proceedings. This court has rejected attempts to use a 60-1507 motion to relitigate the adequacy of a defendant's legal representation in a criminal case when the issue has been raised and fairly resolved in a motion to withdraw a plea in that case. See, e.g., *Taylor v. State*, No. 116,703, 2017 WL 2712951, at *3 (Kan. App. 2017)

4

(unpublished opinion); *Rash v. State*, No. 107,156, 2012 WL 3136777, at *2 (Kan. App. 2012) (unpublished opinion); *Wilson v. State*, No. 94,460, 2006 WL 2562830, at *2-3 (Kan. App. 2006) (unpublished opinion).

Wilson has offered nothing more than a reiteration of his dissatisfaction with Sylvester's representation—the precise issue he has already argued and lost in the district court and on direct appeal in proceedings he does not now challenge as irregular or deficient. The district court, therefore, correctly denied Wilson's 60-1507 motion; it is an impermissibly successive attempt to litigate the adequacy of Sylvester's representation.

Affirmed.