NOT DESIGNATED FOR PUBLICATION

No. 123,136

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DE'ONTA A. THOMPSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed October 29, 2021. Appeal dismissed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., CLINE, J., and BURGESS, S.J.


PER CURIAM:  De'onta A. Thompson alleges his counsel was ineffective for failing to file a motion to withdraw a guilty plea he entered pursuant to a plea agreement. Since the record does not reveal Thompson's counsel was ineffective as a matter of law, and we decline to sua sponte order a *Van Cleave* hearing, we dismiss his appeal.

1

On the night of May 12, 2018, law enforcement responded to reports of a burglary in progress at a Wichita business. They found Thompson within the fenced area of the business and took him into custody. Thompson was later charged with burglary, criminal damage to property, and misdemeanor theft.

Thompson waived his right to a preliminary hearing and entered a plea agreement. In exchange for his agreement to pay restitution and plead guilty to the burglary and criminal damage to property charges, the State agreed to dismiss the remaining charge and make favorable sentencing recommendations. Before accepting Thompson's plea, the district court explained the consequences of pleading guilty and of a felony conviction. The court then asked Thompson if he was satisfied with his treatment by counsel and the court. Thompson asserted his satisfaction with both. The court also approved a bond modification requested by the parties, once it confirmed Thompson was not entering his guilty plea to benefit from the modification of bond and release from jail. After Thompson told the court, "I broke into a business and destroyed property," and "I spray painted the cargo," the court found sufficient factual basis to support an adjudication of guilt on the charges and accepted Thompson's guilty plea. The court then set the matter over for sentencing.

Before sentencing, Thompson and his counsel, Elizabeth Kluzak, appeared again before the district court. Thompson said he wished to withdraw his guilty plea. When the court asked why, Kluzak interjected that a conflict of interest had arisen between her and Thompson. She asked the court to appoint new counsel and advised Thompson to wait for new counsel before discussing the matter with the court. Kluzak also clarified that Thompson had not filed a written motion to withdraw his plea and was only moving to do so orally. After this hearing, the court appointed attorney Quentin Pittman to represent Thompson.

Roughly six months later, on June 11, 2020, Thompson and Pittman appeared before the district court. No written motion to withdraw Thompson's plea was on file. The court began by asking Pittman, "[H]ow are we proceeding on Mr. Thompson's motion?" Pittman replied, "I know it's a little strange perhaps, but I have spoken with my client, he just wants an opportunity to address the Court, and to make the Court aware of a couple of issues." Thompson then made the following statement:

> "Thank you, Your Honor. I feel like since my arrest stemming back from 2018, I have never got the chance to address how I am addressing you now. Like, I feel like my attorney Ms. Elizabeth Kluzak, she was very nice. She was very kind. She made me feel comfortable at some points, but I do not think she took the time out of her day to put more effort into it.
>
> "[Mr. Pittman] has been representing me for a short time, and I felt like I have talked to him more than I have her. And I just feel like when I pled I was in a very compromising position, and when she—and when I sat down next to her, she literally tells me, Mr. Thompson, your chances don't look good. And that kind of—I'm not going to lie—that kind of put me in frozen moment, because I've never been in that position before. And it was just new to me, and I basically pled to get out, I'm not going to lie. Like I said, she made me feel comfortable, but I feel like if she did more investigation work than just read the face of the book, she would have seen that it wasn't as big as it was.
>
> "But I appreciate you giving me the time to address the Court like this, because like I said, I feel like this is the most I have talked to somebody since my arrest. Thank you. That's all I have."

After Thompson's statement, the prosecutor expressed confusion about the purpose of the hearing. The State noted the parties had appeared for a "control setting to see if a written motion to withdraw plea was going to be filed," and it was not prepared to proceed on any motion. After the court asked Pittman whether he had anything else he wanted to say, Pittman replied:

3

"No Judge. We will proceed however you want. If you will require a written motion, I will file it and we can be here on [July] 9th at 9:00 a.m. If, after hearing the proffer as to what the claims would be, the Court is not going to need that motion and proceed to sentencing, we are happy to do whatever the Court wishes."

The court then addressed Thompson:

"Mr. Thompson, based on what you have said, it doesn't—I don't believe that you have the grounds—I mean, if you were to present that evidence on a motion to withdraw plea, I would not withdraw your plea. I would not set it aside just based on that. I understand how you felt and that type of thing, but there are certain elements that need to be met before a plea can be withdrawn or set aside.

"I can assure you though, I understand . . . Ms. Kluzak was with the Public Defender's Office, they are very busy, they do not have a lot of contact with their clients. I understand that. But I can assure you that Mr. Pittman, he is also a very busy man, but he is an excellent attorney. And I have not doubt in my mind that you are in good hands now with Mr. Pittman.

"We will go ahead and proceed with the sentencing on July 9th at 9:00. After conversations with Mr. Pittman, if you guys decide that there is additional factors or something the Court needs to consider and you want to file that motion, we will hear that on [July] 9th prior to sentencing, and see if we proceed with sentencing based on that. But I will give you guys additional time, but based on the verbals that I have heard, I am not ready to set it aside."

No written motion to withdraw Thompson's plea was ever filed.

On July 9, 2020, Thompson and Pittman appeared again, this time for sentencing. When the district court asked them both if they knew of any legal reason it could not proceed with sentencing, they replied, "No." Both the State and Pittman recommended that the court follow the terms of the plea agreement in sentencing, which it did. A few days later, Thompson filed a notice of appeal stating his "intention to appeal his motion to withdraw plea and the sentence in this matter."

4

ANALYSIS

Thompson asks us to reverse the district court's denial of his motion to withdraw plea and remand for (1) appointment of new counsel and (2) a new hearing on his motion. The only reason he gives to justify the relief he seeks is he now claims his Sixth Amendment right to effective assistance of counsel under the United States Constitution was violated because (1) Pittman did not file a written motion to withdraw plea and (2) Pittman did not make additional arguments in support of the motion when it was discussed with the court. Since we find the record insufficient to allow us to determine Thompson's ineffective assistance of counsel claim as a matter of law, we must dismiss Thompson's appeal.

Generally, a claim for ineffective assistance of counsel cannot be raised for the first time on appeal. *Trotter v. State*, 288 Kan. 112, 127-28, 200 P.3d 1236 (2009). The district court, which observed counsel's performance and was aware of the legal strategy involved, is usually in a much better position to consider counsel's competence than an appellate court who is reviewing the issue for the first time from a cold record. *State v. Van Cleave*, 239 Kan. 117, 119-20, 716 P.2d 580 (1986). That said, an appellate court may newly consider this claim where the record is sufficient to allow for resolution as a matter of law based on the facts available. *State v. Salary*, 309 Kan. 479, 483-84, 437 P.3d 953 (2019). But this only occurs under extraordinary circumstances. *Wimbley v. State*, 292 Kan. 796, 806-07, 275 P.3d 35 (2011).

Thompson faces several problems in obtaining the relief he seeks. First, the record is insufficient to resolve his claim as a matter of law. The record does not reveal Pittman's reasons for not filing a written motion or making additional comments to the court. It is possible these were strategic decisions, which may be permissible.

The Kansas Supreme Court has discussed the limits of appropriate conduct for counsel appointed to assist on a motion to withdraw a guilty plea:

> "[While] counsel should ordinarily set out the legal standard applicable to his or her client's motion, . . . [it is not] always improper to defer to the client's specific description of the reasons a plea should be withdrawn. There are times when only the client can articulate the reasons to the client's satisfaction, especially when the client's original complaint is nothing more than some variety of the vague 'I made a mistake.' There are also times when there is no legal support for a client's position." *State v. Hulett*, 293 Kan. 312, 322, 263 P.3d 153 (2011).

Perhaps Pittman reviewed the facts thoroughly and came to the reasoned conclusion that it was best to defer to Thompson's specific description of the reasons justifying withdrawal. It is also possible that Pittman reviewed the case and reasonably concluded there was no legal support for Thompson's desire to withdraw his plea, so a written motion would be a futile exercise. Either way, such actions would constitute strategic choices by Pittman, which are usually insulated from ineffective assistance claims. *Mundy v. State*, 307 Kan. 280, 297, 408 P.3d 965 (2018).

Further, Thompson's own comments to the court do not definitively reflect that he wanted Pittman to file a written motion or even that he still wanted to withdraw his plea. When the court asked Thompson at sentencing whether he was aware of any legal barrier to proceed, he said no. Perhaps Thompson instructed Pittman not to file the motion after the court's comments. It is also possible that Thompson simply wanted to vent to the court, as Pittman allowed him to do, rather than proceed with withdrawing his plea.

Based on the record before us, we cannot decide Thompson's claim as a matter of law. Pittman's conduct at the hearing is susceptible to multiple interpretations and, on its face, falls within the range of acceptable representation based on the available facts. As in *Mundy*, it is impossible to determine from the record whether Pittman's actions involved

a "strategic, thoughtful choice . . . or a complete failure to represent his client." 307 Kan. at 299. As a result, we cannot resolve Thompson's claim for the first time on appeal.

The next problem Thompson faces is he seeks the wrong relief. He requests remand for the appointment of new counsel and a new hearing on his motion to withdraw. But the only path to the relief he seeks requires a determination that his prior counsel was legally ineffective—which we cannot do on the record before us.

If we cannot resolve a newly raised ineffective assistance of counsel claim on the record, we may order a remand for the district court to conduct a *Van Cleave* hearing. *Mundy*, 307 Kan. at 299. This procedure allows the parties to develop an evidentiary record in the district court on the ineffective assistance claim. *Rowland v. State*, 289 Kan. 1076, 1084, 219 P.3d 1212 (2009). Even so, a *Van Cleave* hearing is not automatic. Our courts generally require appellant counsel to perform some sort of independent inquiry and investigation into defense counsel's actions, apart from reading the record and deciding they would have proceeded differently. *Mundy*, 307 Kan. at 299. At a minimum, this normally requires contacting defense counsel and the prosecutor to investigate the circumstances surrounding the actions at issue. *Van Cleave*, 239 Kan. at 120-21.

Thompson does not suggest he has complied with these requirements and, indeed, he does not even seek remand for a *Van Cleave* hearing. Thus, as in *Mundy*, we decline to sua sponte order one. 307 Kan. at 299-300.

As the State notes in its brief, Thompson's claim would be more appropriately addressed through a K.S.A. 60-1507 motion. He is free to pursue one. Without an adequate record, we cannot grant the relief he seeks.

Appeal dismissed.