NOT DESIGNATED FOR PUBLICATION

No. 115,694

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERSHAWN L. PHOENIX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed May 5, 2017. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MCANANY, J., and HEBERT, S.J.

*Per Curiam*:  Jershawn L. Phoenix filed a pro se motion seeking relief from his conviction of aggravated criminal sodomy due to ineffective assistance of counsel. Although the motion requested an evidentiary hearing pursuant to *State v. Van Cleave,* 239 Kan. 117, 716 P.2d 580 (1986), the district court construed it as a request for relief pursuant to K.S.A. 60-1507 and summarily dismissed the motion as being untimely.

1

We find that the motion was untimely on its face and that Phoenix has failed to establish manifest injustice to extend the 1-year limitation of K.S.A. 60-1507(f). The order of the district court is affirmed.

*Factual and procedural background*

On October 26, 2007, Phoenix was charged with one count of rape and one count of aggravated criminal sodomy. The charges were based on allegations that on or about October 13, 2007, Phoenix entered a bedroom in which his 13-year-old cousin was sleeping and engaged in oral sodomy and digital penetration without her consent. Phoenix was arrested at his home and, as he was being led away, he spontaneously acknowledged that he knew why he was being arrested. He thereafter gave a formal statement to a police investigator in which he indicated his guilt.

On April 30, 2009, a *Jackson v. Denno* hearing was held at which the district court upheld the admissibility of the spontaneous utterance and the subsequent formal statement. The district court also ruled that evidence of an incriminating phone call made by Phoenix from jail was also admissible.

On August 27, 2009, Phoenix pled guilty to one count of aggravated criminal sodomy, admitting that he had oral sex with the 13-year-old victim. In exchange for the plea, the State dismissed the rape charge and also dismissed another separate case pending against Phoenix. The plea bargain also included a recommendation that Phoenix should receive a downward durational departure prison sentence of 129 months in lieu of the presumptive guideline sentence of life without possibility of parole for 25 years. The district court imposed the recommended departure sentence on October 21, 2009. Phoenix did not take a direct appeal from the conviction and sentence.

2

On July 2, 2013, Phoenix filed a motion to correct illegal sentence, alleging procedural irregularities in the charging document. The district court summarily denied that motion, finding that the charging document was not defective as claimed. Phoenix did not appeal this ruling.

On March 26, 2015, Phoenix filed a pro se motion for an evidentiary hearing pursuant to *Van Cleave*. He alleged that both of his appointed trial counsel were ineffective. He claimed his arrest was the result of an illegal search and seizure because a police officer had forced his way into Phoenix's home to arrest him without a warrant. The State responded on May 4, 2015, and on the following day, the district court entered an order summarily dismissing Phoenix's motion.

Phoenix now appeals that ruling.

*The district court did not err in summarily dismissing Phoenix's motion.*

Phoenix contends the district court erred in denying his motion for a *Van Cleave* hearing without appointing counsel and holding at least a preliminary hearing on his claims. The parties agree Phoenix's pro se motion should be liberally construed as a motion for habeas corpus relief under K.S.A. 60-1507. This court is not bound by the parties' agreement regarding the legal effect of Phoenix's motion since the issue presents a question of law. See *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014) ("Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review."). But, in this case, the parties are correct.

A motion for a *Van Cleave* hearing is a procedural device affording a litigant on direct criminal appeal an opportunity to obtain a remand from an appellate court to the district court for the limited purpose of conducting a hearing on claims of ineffective

assistance of counsel. See *Rowland v. State*, 289 Kan. 1076, 1084, 219 P.3d 1212 (2009); *Van Cleave*, 239 Kan. at 119-20.

> "Because [claims of ineffective assistance of counsel] nevertheless become apparent during the pendency of some direct appeals, we have developed a procedure for remand to the district court to consider a claim that trial counsel was ineffective before the appeal is finally decided. This procedure, referred to as a *Van Cleave* hearing, [citation omitted], may begin with a party's motion for such a remand or with the court's *sua sponte* order, so that facts relevant to determination of the legal issue may be developed and an evidentiary record established." *Rowland*, 289 Kan. at 1084.

Clearly, Phoenix's motion for a *Van Cleave* hearing was filed in the district court long after any time for filing a direct criminal appeal from his conviction and sentence had passed. As a result, a *Van Cleave* hearing is not the appropriate procedural vehicle for presenting his claims for ineffective assistance of counsel.

However, the courts of this state are admonished to liberally construe a pro se pleading to give effect to the substance of the pleading, not its form. See *Gilbert,* 299 Kan. at 798; *State v. Kelly,* 291 Kan. 563, 565, 244 P.3d 639 (2010). A motion for relief under K.S.A. 60-1507 is the proper procedural vehicle for bringing a collateral challenge to a criminal conviction based on allegations of ineffective assistance of counsel. See K.S.A. 2016 Supp. 60-1507(a). A movant under K.S.A. 60-1507 bears the burden of establishing an evidentiary basis supporting the claims for relief in order to warrant an evidentiary hearing; mere conclusory contentions are insufficient. See *Grossman v. State,* 300 Kan. 1058, 1062, 337 P.3d 687 (2014). K.S.A. 2016 Supp. 60-1507(b) provides:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

4

Absent a clear demonstration of manifest injustice, however, claims for relief under K.S.A. 60-1507 are subject to timely proceeding within the 1-year limitation period set forth in K.S.A. 2016 Supp. 60-1507(f):

"(f) *Time limitations.* (1) Any action under this section must be brought within one year of:

(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or

(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

(2) The time limitation herein may be extended by the court only to prevent a manifest injustice.

(A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence.

(B) If the court makes a manifest-injustice finding, it must state the factual and legal basis for such finding in writing with service to the parties.

(3) If the court, upon its own inspection of the motions, files and records of the case, determines the time limitations under this section have been exceeded and that the dismissal of the motion would not equate with manifest injustice, the district court must dismiss the motion as untimely filed."

Phoenix did not take a direct appeal from his conviction and sentence. Therefore, his direct criminal proceedings terminated 14 days after his sentencing, *i.e.*, on November 4, 2009. Phoenix's ability to file a motion under K.S.A. 60-1507 without demonstrating manifest injustice expired on November 4, 2010. His motion for a *Van Cleave* hearing was filed on March 26, 2015, nearly 4-1/2 years after this deadline. Consequently, before the district court could properly consider his claims, Phoenix was required to establish that manifest injustice warranted extension of the 1-year limitation.

5

We would first note that Phoenix offers no suggestion or discussion as to why he failed to file his motion within the 1-year time limitation. Further, while he simply states in his motion that at the time of his plea he maintained his innocence, this conclusory assertion is clearly controverted by his statements to the court during the plea colloquy, as well as his statements to police which were ruled admissible evidence. Since Phoenix does not brief or argue either of these issues on appeal, he has waived and abandoned any arguments he might have had on such claims. *State v. Cheever,* 304 Kan. 866, 875-76, 375 P.3d 979 (2016).

Instead, Phoenix argues that he should not be limited by the scope of the manifest injustice inquiry as set forth in the 2016 amendments to K.S.A. 60-1507, since K.S.A. 2016 Supp. 60-1507(f)(2)(A) was not in effect at the time he filed his motion. He contends that the statute should not be applied retroactively to prevent him from arguing manifest injustice based upon the evidence of substantial issues of law or fact, as described in the "totality of circumstances" examination prescribed in *State v. Vontress,* 299 Kan. 607, 616, 325 P.3d 1114 (2014). However, the 2016 statute amendments were adopted by the legislature in response to *Vontress* in order to clarify the scope of inquiry. Two panels of this court, in separate opinions, have held that the 2016 amendments are procedural rather than substantive and thus apply retroactively. See *Olga v. State,* No. 115,334, 2017 WL 840296, at *3 (Kan. App. 2017) (unpublished opinion); *Perry v. State,* No. 115,073, 2017 WL 462659, at *3 (Kan. App. 2017) (unpublished opinion). While these opinions are unpublished, we find the rationale to be persuasive and supportive of our finding that the 2016 statute amendments are procedural and are to be applied retroactively. Phoenix's claims are limited by the express language of K.S.A. 2016 Supp. 60-1507(f)(2)(A).

Phoenix contends his motion should properly be understood to raise a single issue alleging ineffective assistance of trial counsel in failing to seek suppression of his statements to police as being the fruit of an illegal warrantless arrest. He would argue that

6

the facts would show the police officer illegally entered his home by placing his foot in the doorway to prevent Phoenix from retreating into his house to avoid the arrest.

Notwithstanding that such argument would not be relevant under K.S.A. 2016 Supp. 60-1507(f)(2)(A), the allegation fails to establish an issue of fact or law deserving of the court's attention even under the prior *Vontress* standard.

First of all, an issue regarding Phoenix's arrest at his home was raised and argued by trial counsel, albeit somewhat indirectly, during the *Jackson v. Denno* hearing. Arguably, Phoenix's claims regarding his statements are subsumed into the trial court ruling that the statements were admissible into evidence.

More pointedly however, by pleading guilty and admitting to the factual basis for the crime of aggravated criminal sodomy, Phoenix has waived any defects or irregularities in the proceedings prior to the plea. *State v. Edgar,* 281 Kan. 30, 40, 127 P.3d 986 (2006). This rule applies even if the defect in the proceedings rises to constitutional dimension. See *McMann v. Richardson*, 397 U.S. 759, 767-68, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970) (an entry of plea based upon the strength of the State's evidence is not subject to challenge on the basis of a coerced confession unless the coerced confession impacted and tainted the plea); *Parker v. North Carolina*, 397 U.S. 790, 797, 90 S. Ct. 1458, 25 L. Ed. 2d 785 (1970) ("[E]ven if Parker's counsel was wrong in his assessment of Parker's confession, it does not follow that his error was sufficient to render the plea unintelligent and entitle Parker to disavow his admission in open court that he committed the offense with which he was charged.").

Unless and until Phoenix seeks to withdraw his plea, counsel's performance during the suppression hearing is immaterial. Nothing within Phoenix's pro se motion or his appellate brief suggests that he is seeking to withdraw his plea, and there are substantial reasons why Phoenix might not wish to withdraw his plea. As charged, Phoenix was

facing two felony counts that each carried a potential maximum sentence of 25 years to life in prison, along with whatever offenses were charged in Wyandotte County District Court case no. 07CR1096. Pursuant to the plea agreement, Phoenix obtained a durational departure onto the sentencing grid and then the maximum departure authorized by law to 129 months, nearly 11 years, in prison for the single offense of aggravated criminal sodomy. If he successfully withdrew his plea, the State could pursue all of the dismissed charges in addition to the aggravated criminal sodomy. If convicted, Phoenix would face a minimum of 25 years in prison. He would be taking a substantial chance on his ability to persuade a jury that he did not commit those crimes.

Based on the record before us, even a motion to withdraw the plea would also be time barred. K.S.A. 2016 Supp. 22-3210 provides, in pertinent part:

"(d)(1) A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged.

(2) To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea.

"(e)(1) Any action under subsection (d)(2) must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition.

(2) The time limitation herein may be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant."

Excusable neglect as used in various civil procedure statutes generally means "'something more than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.' [Citations omitted.]" *State v. Davisson*, 303 Kan. 1062, 1069, 370 P.3d 423 (2016) (discussing "excusable neglect" related to motion to withdraw plea by referencing that term as used in civil procedure statutes); *State v. Reed*, No.

8

111,663, 2015 WL 4716290, at *3-4 (Kan. App. 2015) (unpublished opinion) (discussing meaning of excusable neglect for filing motion to withdraw plea, citing Black's Law Dictionary and caselaw arising under civil statutes), *rev. denied* 304 Kan. 1021 (2016).

By the plain language of the statute, any request by Phoenix to withdraw his guilty plea would require him to establish that a refusal to permit the withdrawal would constitute a manifest injustice and that circumstances demonstrating excusable neglect justified consideration of his motion outside the 1-year limitation. As we noted above, Phoenix has presented no argument in his motion or in his appellate brief that there were good reasons why he could not have brought his claim of ineffective assistance of counsel within 1 year from the end of his criminal case. The district court could not permit Phoenix to withdraw his plea based on the allegations presented in his pro se motion. Since the plea stands, Phoenix's claim of ineffective assistance of counsel in preparing for and arguing the suppression issue provides no basis for relief.

Simply put, Phoenix has not established a manifest injustice warranting extension of the 1-year time limitation of K.S.A. 2016 Supp. 60-1507(f)(2)(A). The district court properly dismissed his motion without appointing counsel or holding a hearing.

Affirmed.