NOT DESIGNATED FOR PUBLICATION

No. 124,284

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BENTON G. BASKIN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed November 23, 2022. Affirmed.

*Mark Sevart*, of Derby, for appellant, and *Benton G. Baskin*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Benton G. Baskin appeals from the district court's denial of his K.S.A. 60-1507 motion. On appeal, he contends that the district court erred in dismissing several of his claims without holding an evidentiary hearing. Baskin also contends that his constitutional right to a speedy trial was violated, and he claims his previous trial and appellate counsel were ineffective for failing to raise the issue. In addition, he filed a pro se brief in which he contends that his prior counsel was ineffective for failing to raise the issue of whether his constitutional right to be present at all critical stages was violated. Finding no error, we affirm the district court's denial of Baskin's K.S.A. 60-1507 motion.

1

On August 28, 2015, a jury convicted Baskin of rape, aggravated criminal sodomy, kidnapping, and aggravated sexual battery. The district court sentenced Baskin to a 492-month prison term. On direct appeal, a panel of this court affirmed Baskin's convictions and his sentence. *State v. Baskin*, No. 115,271, 2017 WL 1367048 (Kan. App. 2017) (unpublished opinion). In doing so, the panel rejected Baskin's claims that the district court erred when it: (1) improperly instructed the jury on the kidnapping charge; (2) improperly allowed the State to amend the kidnapping complaint at the close of the State's evidence; (3) improperly used his criminal history to enhance his sentence; and (4) failed to grant his motion to dismiss based on the alleged violation of his statutory right to a speedy trial. 2017 WL 1367048, at *1-4. Baskin's petition for review was denied by our Supreme Court on October 3, 2017, and his writ of certiorari was denied by the United States Supreme Court on March 19, 2018. *Baskin v. Kansas*, 138 S. Ct. 1301 (2018). Because the underlying facts are stated in the previous opinion and are not necessary to resolve the issues raised on appeal, they will not be repeated here. Any facts relevant to the issues raised will be discussed in the analysis portion of this opinion.

After the United States Supreme Court denied his motion for rehearing on the writ of certiorari, Baskin filed a timely pro se K.S.A. 60-1507 motion. In his motion, Baskin alleged numerous allegations of trial error in addition to allegations of ineffective assistance of trial and appellate counsel. Subsequently, the district court appointed an attorney to represent him on his K.S.A. 60-1507 motion.

On June 1, 2021, the district court held a nonevidentiary hearing at which the district court judge allowed counsel to address each of the issues raised by Baskin in the K.S.A. 60-1507 motion. The district court advised the parties that it had reviewed the written motion and believed that many of the issues raised were mere trial errors that did not warrant an evidentiary hearing. However, the district court gave counsel the

opportunity to present arguments as to what issues needed to be addressed at the full evidentiary hearing.

At the end of the hearing, the district court found that the majority of the issues raised were trial errors that did not entitle Baskin to either a full evidentiary hearing or habeas relief. The district court ruled the following issues should be addressed at the evidentiary hearing regarding Baskin's claims of ineffective assistance of counsel: (1) trial counsel's decisions regarding pretrial motions; (2) trial counsel's decision regarding a *Jackson v. Denno* hearing; and (3) trial counsel's decisions in the jury selection process. The district court also left it to Baskin's K.S.A. 60-1507 counsel's discretion as to whether he wished to call appellate counsel to address any issues regarding ineffective assistance of appellate counsel.

On June 16, 2021, the district court held an evidentiary hearing on Baskin's remaining claims. At the evidentiary hearing, both Baskin and his trial counsel testified. But his appellate counsel was not called as a witness. At the conclusion of the hearing, the district court took the matter under advisement. On June 21, 2021, the district court denied Baskin's K.S.A. 60-1507 motion in a 12-page written memorandum decision.

After Baskin filed this appeal, his current appellate counsel filed a brief on his behalf. In addition, we granted Baskin's request to file a pro se supplemental brief with a 15-page limit. Despite our order, Baskin's 18-page brief exceeded the page limit set by this court.

ANALYSIS

On appeal, Baskin's appellate counsel presented two issues for review. First, whether the district court should have granted an evidentiary hearing on all of the claims for relief set forth in his K.S.A. 60-1507 motion. Second, whether the district court erred

3

by failing to dismiss the underlying criminal case due to an alleged violation of his constitutional right to a speedy trial. In his supplemental brief, Baskin presents two additional issues. The first issue he presents relates to the constitutional right to speedy trial issue asserted by his appellate counsel. He also asserts that the district court denied his right to be present at all critical stages of his criminal proceeding. The second issue he presents is whether the district court erred in failing to hold a hearing on his claim of ineffective assistance of his K.S.A. 60-1507 counsel.

*Standard of Review*

As discussed above, the district court held a nonevidentiary hearing at which it decided that some of Baskin's claims asserted in his K.S.A. 60-1507 motion required an evidentiary hearing while others did not. When a district court denies claims asserted in a K.S.A. 60-1507 motion after a preliminary hearing, our review on appeal is unlimited. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014). In contrast, when claims asserted in a K.S.A. 60-1507 motion are denied after an evidentiary hearing, we review the record to determine whether the district court's findings of fact are supported by substantial competent evidence and are sufficient to support the district court's conclusions of law. *Balbirnie v. State*, 311 Kan. 893, 897-98, 468 P.3d 334 (2020).

*Summary Dismissal of Some Claims*

Baskin contends that the district court erred in concluding that he was entitled to an evidentiary hearing on some of the claims he asserted in his K.S.A. 60-1507 motion but not on others. Based on our review of his briefs as well as the record on appeal, we find that Baskin's argument on this issue falls short. In his brief, Baskin's counsel merely sets out a laundry list of 17 claims he raised in his motion and suggests that three of them—9, 10, and 14—"may be insufficient to overturn the verdict." In addition, he suggests that two other claims—5 and 17—"may be moot." Evidently, this is because

they relate to issues presented at a preliminary hearing held prior to trial. Generally, our Supreme Court has found that "after an accused has gone to trial and has been found guilty beyond a reasonable doubt, any error at the preliminary hearing stage is considered harmless unless it appears that the error caused prejudice at trial. *State v. Butler*, 257 Kan. 1043, 1062, 897 P.2d 1007 (1995)." *State v. Jones*, 290 Kan. 373, 381, 228 P.3d 394 (2010). Baskin does not make any claim that these errors caused prejudice at trial.

Baskin's counsel then asserts:

"The claims 1, 2, 4, 5, 6, 7, 8, 11, 12, 15 and 16 are significant. The trial court should have taken evidence on all of these issues. The evidence would have shown that the attorney failed to meet the standard of care and that Mr. Baskin was denied a fair trial.

"The District Court in this case denied several claims suggesting they should have been raised in the original [a]ppeal. On the issues raised on original appeal, the Court [s]ummarily stated that the issues were raised in the original appeal. This catch 22 approach leaves a defendant without any real opportunity for relief under 60-1507. It foreclosed the presentation of evidence to show how the issue[s] would have impacted the final result in the case."

Notwithstanding, to be entitled to relief under K.S.A. 60-1507, the movant—in this case Baskin—must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." K.S.A. 2021 Supp. 60-1507(b) (grounds for relief); see also Supreme Court Rule 183(g) (2022 Kan. S. Ct. R. at 244) (preponderance burden).

We recognize that pro se K.S.A. 60-1507 motions are generally to be liberally construed. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018). But pro se movants

still bear the burden to allege facts that are sufficient to warrant an evidentiary hearing on their motions. "[M]ere conclusions of the . . . movant are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record." *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 (1994).

When a pro se movant offers only conclusory statements and incomplete facts, the movant presents no evidentiary basis to support the claims. *Mundy*, 307 Kan. at 304. In deciding whether an evidentiary hearing must be held, a district court generally must accept the movant's factual allegations as set forth in the motion as true. However, the factual allegations must be specific and not mere conclusions. *Skaggs v. State*, 59 Kan. App. 2d 121, 130-31, 479 P.3d 499 (2020), *rev. denied* 313 Kan. 1042 (2021). In considering whether a K.S.A. 60-1507 motion presents a viable claim, the district court should also look to the procedures set forth in Supreme Court Rule 183(c)(3) (2022 Kan. S. Ct. R. at 243).

Rule 183(c)(3) states that "[a] proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." There is an exception that allows a K.S.A. 60-1507 motion to include a claim that the movant's constitutional rights have been violated if there are exceptional circumstances that excuse the failure to raise the issue on direct appeal. Rule 183(c)(3). "Exceptional circumstances" under this rule "have been defined as 'unusual events or intervening changes in the law.'" *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

Here, Baskin fails to identify any unusual events, intervening changes in the law, or other unforeseen change in circumstances which would support the review of the claims of trial error asserted in his K.S.A. 60-1507 motion. Instead, it is apparent that he is seeking to use his K.S.A. 60-1507 as a substitute for failing to raise his claims of trial

error on direct appeal. Accordingly, we find that as to those claims involving trial errors, Baskin's K.S.A. 60-1507 motion constitutes an attempt to relitigate his direct appeal.

In its written memorandum decision denying Baskin's K.S.A. 60-1507 motion, the district court addressed each of the claims raised by Baskin in his motion. The district court found that Baskin failed to provide an evidentiary basis in support of many of the claims and failed to show exceptional circumstances as to why claims arising out of Baskin's trial should be addressed for the first time at another evidentiary hearing. As a result, the district court ruled that the claims relating to trial should be dismissed without an evidentiary hearing. Moreover, the district court made specific findings and conclusions for each of these claims.

On appeal, Baskin fails to show that the district court erred in its rulings. Instead, he generally argues that the district court should have granted an evidentiary hearing on all of the claims asserted in his K.S.A. 60-1507 motion. This lack of specificity prevents us from conducting a meaningful review. Even so, our independent review of the motions, files, records, and the preliminary hearing transcript confirms the district court's conclusion that Baskin failed to show that an evidentiary hearing was required on the claims arising out of his trial. In particular, Baskin fails to show exceptional circumstances to justify addressing the claims of trial error by way of a K.S.A. 60-1507 motion.

It is important to recognize that Baskin was given the opportunity to attempt to prove his allegations of ineffective assistance of counsel at the evidentiary hearing. Likewise, Baskin does not explain what additional evidence he would have presented to support his claim of ineffective assistance of counsel. Furthermore, although the district court left it to Baskin's discretion as to whether he would call appellate counsel as a witness at the evidentiary hearing, he chose not to do so. As such, Baskin has essentially abandoned his claims of ineffective assistance of appellate counsel.

7

Accordingly, we find that Baskin has failed to adequately explain why an additional evidentiary hearing is warranted. Baskin merely lists the claims he asserted in his K.S.A. 60-1507 motion and makes a conclusory assertion that the district court should have held an evidentiary hearing on those issues as well. Additionally, he makes no substantive argument as to his reasoning. A point raised incidentally in a brief and not argued therein is deemed waived or abandoned. Similarly, a failure to support a point with pertinent authority or a failure to show why a point is sound despite a lack of supporting authority is akin to failing to brief the issue. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

In summary, based on our review of Baskin's brief as well as the record on appeal, we find that his argument in support of an additional evidentiary hearing fails. He has not provided us with sufficient argument or legal authority on this issue to allow for meaningful review. Also, our de novo review of the motions, files, records, and the preliminary hearing transcript confirms that the district court correctly denied Baskin's request for an additional evidentiary hearing on these claims.

*Constitutional Right to a Speedy Trial*

Baskin also argues that his constitutional right to a speedy trial was violated. However, he failed to raise this issue before the district court. In his K.S.A. 60-1507 motion, Baskin did claim that both his trial and appellate counsel were ineffective in failing to raise his *statutory* right to a speedy trial. But he made no claim in his motion that his *constitutional* right to a speedy trial was violated.

A review of the record reveals that Baskin filed a pro se motion to dismiss prior to trial asserting a violation of his statutory right to a speedy trial. In turn, his trial counsel adopted his motion after Baskin's first attorney withdrew from the case. Significantly, the district court conducted an evidentiary hearing on Baskin's motion to dismiss on the

ground that his statutory right to a speedy trial was violated. At the hearing on the motion to dismiss, Baskin briefly indicated that he believed his constitutional right to a speedy trial may also have been violated. Nevertheless, he advised the district court that he agreed that his claim was really based on his statutory right to a speedy trial. After hearing testimony from Baskin as well as the testimony of his prior attorney, the district court denied the motion.

In denying the motion to dismiss, the district court found that Baskin's prior attorney had consulted with him before requesting continuances. Likewise, the district court found that Baskin had acquiesced to the requested continuances. Consequently, the district court concluded that there had been no statutory speedy trial violation.

It is important to recognize that the attorney representing Baskin on his motion to dismiss informed the district court at the hearing that he had consulted with Baskin about his federal or constitutional right to a speedy trial. Baskin's attorney then represented to the district court that his client's constitutional right to a speedy trial was "not an issue we are arguing about." Although Baskin challenged the district court's denial of his motion to dismiss on direct appeal, this argument was rejected by a panel of this court. *Baskin*, 2017 WL 1367048, at *3-4.

Where an appeal is taken from a conviction or sentence imposed, the judgment of the appellate court is res judicata as to all issues raised. In addition, issues that could have been raised are deemed waived. *State v. Salary*, 309 Kan. 479, 482, 437 P.3d 953 (2019) (citing *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 [2014]). Here, Baskin has offered no reason why he could not have raised a constitutional speedy trial issue on direct appeal. Thus, because Baskin failed to raise the issue in his direct appeal, we find that the issue has been waived and abandoned See *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) ("[A] K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant

9

demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court.").

In addition, Baskin did not challenge his constitutional right to a speedy trial in his K.S.A. 60-1507 motion. Generally, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Pearce*, 314 Kan. 475, 484, 500 P.3d 528 (2021). There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

To invoke an exception to this general rule, Kansas Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36) requires that a party raising a constitutional issue for the first time on appeal affirmatively invoke and argue an exception. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), and *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015), our Supreme Court warned that Rule 6.02(a)(5) would be strictly enforced, and litigants who failed to comply with this rule risked a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Since Baskin failed to invoke one of the exceptions, we find that this issue is waived for that reason as well.

Although Baskin asserts that an exceptional circumstance justifies the *untimeliness* of the assertion of his constitutional right to a speedy trial, his only assertion of error is that the issue was overlooked by his previous attorneys. Despite being given the opportunity to do so by the district court, Baskin did not call his appellate counsel to

testify at the evidentiary hearing. Baskin also alleges no exception under Rule 6.02(a)(5). As such, Baskin provides no persuasive argument that we should make an exception and now consider his constitutional speedy trial claim.

We also see no probability of a different result if the constitutional speedy trial issue had been raised on direct appeal. The district court thoroughly considered Baskin's statutory right to a speedy trial, and it found no such violation. Even though the analysis of a constitutional right to a speedy trial differs from the statutory analysis, we see no constitutional violation.

The test to determine whether a constitutional right to a speedy trial—as guaranteed by both the Sixth Amendment to the United States Constitution and section 10 of the Kansas Constitution Bill of Rights—was set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). In *Barker*, the Court identified four factors to be considered when a claim of a violation of the constitutional right to a speedy trial is asserted:  the length of the delay, the reason for the delay, the defendant's assertion of the right, and prejudice to the defendant. 407 U.S. at 530. Kansas adopted this test in *State v. Otero*, 210 Kan. 530, 532-33, 502 P.2d 763 (1972). See *State v. Gutierrez-Fuentes*, 315 Kan 341, 345, 508 P.3d 378 (2022). Our Supreme Court has recently reiterated that a defendant must assert a constitutional right to a speedy trial before the district court in order for the court to make the necessary findings of fact and conclusions of law regarding the *Barker* factors. 315 Kan. at 346-47. Here, the attorney representing Baskin on his motion to dismiss waived any argument that his client's constitutional right to a speedy trial had been violated and made it clear that he was arguing only a violation of his statutory right to a speedy trial. Under these circumstances, we conclude that the issue of whether his constitutional right to a speedy trial was violated has not been preserved for appeal.

Finally, to the extent that Baskin is arguing that his trial counsel was ineffective for failing to assert his constitutional right to a fair trial, we again recognize that Baskin did not make this claim in his K.S.A. 60-1507 motion. Furthermore, he did not raise this issue at the evidentiary hearing on his K.S.A. 60-1507 motion at which his trial counsel testified. Accordingly, we conclude that Baskin has waived this issue.

*Constitutional Right to be Present at Critical Stages*

In his pro se brief, Baskin contends that his constitutional right to be present at all critical stages of his underlying criminal proceeding was violated. In particular, he argues that he was not present at all the hearings at which the district court granted continuances prior to his jury trial. Evidently, Baskin is asserting that this impeded his ability to object to some of the continuances.

At the outset, we note that Baskin's pro se brief exceeded the 15-page limit set by this court. Baskin's brief also violates Supreme Court Rule 6.02(a)(4) (2022 Kan. S. Ct. R. at 36), which relates to the mandatory contents of an appellant's brief and provides that it must contain: "A concise but complete statement, without argument, of the facts that are material to determining the issues to be decided in the appeal." In addition, Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36) states that an appellant's "arguments and authorities relied on" are to be separately stated by issue. Nevertheless, even if we overlook these violations, we find that Baskin's argument fails on its merits.

Once again, this is an issue that should have been raised on direct appeal. See Rule 183(c)(3) (proceeding under K.S.A. 60-1507 should not generally be used as a substitute for a direct appeal involving mere trial errors). In an attempt to justify raising this issue now, Baskin makes a conclusory allegation that there are exceptional circumstances because this issue affects his constitutional rights. Baskin also acknowledges that it is his burden to show exceptional circumstances. *Rowland*, 289 Kan. at 1087.

In an attempt to meet his burden, he argues his appellate counsel "stated that she planned to raise the speedy trial claim on direct appeal but failed to raise the issue." However, as discussed above, Baskin did not call his appellate counsel to testify at the K.S.A. 60-1507 hearing. So, we do not know if this would have been her testimony nor do we know the context of the alleged statement. Thus, we find this unsupported conclusory statement about what appellate counsel allegedly stated to Baskin to fall short of his burden to show any unusual events, intervening changes in the law, or any other unforeseen change in circumstances which would support the review of this issue on appeal. *Rowland*, 289 Kan. at 1087.

Even if he had preserved this issue, Baskin failed to develop any claim at the K.S.A. 60-1507 hearing regarding ineffective assistance of appellate counsel or regarding his alleged failure to be present at certain critical stages of his underlying criminal proceeding. A review of the record reveals that the only reference to this issue before the district court was—at best—vague, and there has been no specific assertion as to which hearing or hearings that Baskin was allegedly not present. In addition, trial counsel was not asked about his strategy for not raising this issue prior to the direct appeal. The bottom line is that Baskin was given the opportunity to present evidence supporting this issue at the evidentiary hearing on his K.S.A. 60-1507 motion, but he failed to do so.

In *State v. Wright*, 305 Kan. 1176, 1178, 390 P.3d 899 (2017), the Kansas Supreme Court recognized the constitutional right to be present at a hearing on a motion for continuance. At the same time, our Supreme Court found that if an error occurs, the proper analysis for an appellate court to apply would be the constitutional harmless error standard. This standard requires reversal only when there is a real possibility that the error contributed to the verdict. 305 Kan. at 1179.

Applying the harmless error standard in this appeal, Baskin would need to show that the State would not have been able to successfully bring him to trial within the

13

statutory time limit had the error not occurred. See *State v. Tiger*, No. 122,692, 2021 WL 1045178, at *2, 6 (Kan. App.) (unpublished opinion), *rev. denied* 314 Kan. 859 (2021); *State v. Phillips*, No. 115,326, 2017 WL 4216234, at *3-4 (Kan. App. 2017) (unpublished opinion); *State v. Andrews*, No. 113,971, 2020 WL 1070355, at *14-19 (Kan. App. 2020) (unpublished opinion) (applying *Wright* on direct appeals). In *State v. Allen*, 314 Kan. 280, 288-89, 497 P.3d 566 (2021), our Supreme Court cautioned that we should not engage in "fact-finding" and noted that "the limitations in the record" are "a blinking signal to avoid the unpreserved claims altogether."

A review of the record shows that at the evidentiary hearing, Baskin testified that he discussed his belief that he was not present at all critical stages of his underlying criminal proceeding. Although he did not specify any particular hearings, he did generally identify hearings at which the district court granted continuances. According to Baskin, his trial counsel told him he would raise the issue in a motion for a new trial. But this was not done. Baskin also testified that trial counsel told him that it was probably an issue best raised on appeal.

In his testimony at the evidentiary hearing, trial counsel acknowledged that at the pretrial hearing on the motion to dismiss, the district court expressly found that Baskin had been consulted about and agreed to all of the requested continuances. No questions were asked of trial counsel about Baskin's constitutional right to be present at all critical proceedings. As such, we do not find that Baskin has established the facts necessary to show that the outcome of this case would have been different if trial counsel had alleged that his client's right to be present at critical proceedings had been violated.

To reiterate, we find that Baskin has failed to preserve this issue for appeal. Further, even if he had done so, his argument would fail on the merits because the district court gave him the opportunity to develop a record on this issue at the evidentiary hearing. However, he failed to present evidence to establish that his constitutional right to

14

be present at critical stages of his underlying criminal proceedings was violated. In other words, we cannot determine from this record whether error occurred and whether it amounted to reversible error under the constitutional harmless error standard. See *Wright*, 305 Kan. at 1179.

Van Cleave *Hearing*

The second issue presented in Baskin's supplemental brief is whether the district court erred when it failed to allow a *Van Cleave* hearing to determine whether K.S.A. 60-1507 counsel provided ineffective assistance of counsel. However, Baskin provides no argument on this issue in his brief. As a result, we deem this issue to be abandoned and waived. *Meggerson*, 312 Kan. at 246 (a point raised incidentally in a brief and not argued therein is deemed waived or abandoned).

We, therefore, affirm the district court's denial of Baskin's K.S.A. 60-1507 motion.

Affirmed.